(Judges of the Fifth Circuit, Sitting in Hamilton County.)

MARY NETTING V. CLARA T. STRICKLAND, ADMRX., ET AL.

1. PROBATE COURT DOES NOT LOSE JURISDICTION BY REMOVAL OF GUARDIAN FROM THE STATE.

    The probate court of a county in this state having appointed a guardian for the person and estate of a minor, does not lose jurisdiction of such guardianship by the removal of the guardian from this state, and may compel the foreign administratrix of such guardian after his decease to account to said ward.

2. SERVICE UPON FOREIGN ADMINISTRATRIX MAY BE HAD BY PUBLICATION.

    Service upon said foreign administratrix can be had by publication or by voluntary appearance of such administratrix ; and the court has full jurisdiction to hear and determine the amount due from said former guardian to said ward, and order said amount to be paid by such administratrix.

3. JURISDICTION OF PROBATE COURT NOT OUSTED BY REMOVAL OF GUARDIAN OR PROPERTY.

The jurisdiction of the probate court over the guardianship having once attached cannot be ousted by the removal of the guardian from the state in which the appointment was made or by the removal of the trust property.

ERROR to the Court of Common Pleas of Hamilton county.

VOORHEES, J.

The record in this case shows that Dudley W. Strickland, now deceased, was on August 4, 1876, appointed and qualified as guardian of Mary Gomersall, plaintiff in error, a minor, by the probate court of Hamilton county, Ohio.

January 20, 1879, a new bond of the guardian was required, and given with the defendants in error, Henry M. Cist and David M. Hyman, as sureties.

Dudley W. Strickland died on or about February, 1892, intestate. Some years prior to his death he removed from the county of Hamilton and state of Ohio, where he resided at the time he was so appointed guardian, to the city of Chicago, in the state of Illinois, where he resided at the time of his death.

On February 20, 1892, defendant in error, Clara T. Strickland, was by the probate court of Cook county, Illinois, duly appointed and qualified administratrix of the estate of said Dudley W. Strickland, deceased.

On May 5, 1897, Mary Gomersall, now Mary Netting, plaintiff in error, caused a citation to issue out of the probate court of said Hamilton county against Clara T. Strickland, administratrix of the estate of said Dudley W. Strickland, deceased, requiring her to file in said court an account in the matters of the guardianship of said Dudley W. Strickland of the estate of Mary Gomersall.

On May 15, 1897, the administratrix, Clara T. Strickland, filed an answer to said citation in which she says, among other things, that she has no knowledge as to the estate of Mary Gomersall, the ward of her intestate, and does not know whether said Dudley W. Strickland was indebted to his said ward in any sum whatsoever, and therefore is unable to file any account therein.

To this answer of the administratrix exceptions were filed by said Mary Gomersall, and the probate court sustained the exceptions, and proceeded to hear the cause on evidence, and on such hearing the court found in favor of the plaintiff in error in the sum of $1,075, with interest from November 16, 1887, to April 23, 1891, and finding the total sum due plaintiff from said Dudley W. Strickland, guardian as aforesaid, to be $2,037.88. To all of which finding of the court, the said sureties, Henry M. Cist and David M. Hyman, excepted and gave notice of appeal to the common pleas court.

The cause coming on for trial on appeal in the common pleas July 2, 1898, the court found that the probate court had no jurisdiction of the cause; that the probate court of Hamilton county had no jurisdiction to settle the accounts of the said Dudley W. Strickland, guardian, with the said Clara T. Strickland, as administratrix, and therefore dismissed the proceedings.

To which ruling the plaintiff in error excepted, and prosecutes her proceeding in error to this court.

The record presents the question: Had the probate court of Hamilton county jurisdiction of the subject-matter of the action or proceeding in citation, commenced by plaintiff in error against Clara T. Strick-

land, as administratrix of Dudley W. Strickland, deceased, as late guardian of plaintiff in error? To state the question in another form: Could the probate court of the county where the guardian was appointed require such guardian, after he removed from the county and state, to account for the trust estate in his hands?

If by the removal of the guardian from the county and state where he was appointed, the probate court lost its jurisdiction over the trust estate or subject matter of the trust, it is then a grave question whether the court could again obtain jurisdiction over the subject-matter, and of the personal representative of the deceased guardian in a proceeding such as was commenced in this case by citation.

Section 527, Rev. Stat., provides: " The jurisdiction acquired by any probate court over a matter or proceeding is exclusive of that of any other probate court, excepting where otherwise provided by law."

The first question then to be considered is, did the probate court lose its jurisdiction of the subject-matter of the trust, when the guardian removes from the state? Section 6272, Rev. Stat., provides, among other things: " That the removal from the state of any person who has been heretofore, or who may be hereafter appointed guardian, shall of itself determine the guardianship of such person." Removal from the state of a person who has been appointed a guardian of another, with out action of the court making the appointment, terminates the guardianship.

By force of the statute, the guardian's official mantle falls when he removes from the state in which he was appointed. When his office is gone he cannot have the official custody or control of the trust property; it by operation of the law must remain in the custody of the law, and a trust never wants for a trustee, if a trust is once properly created; the incompetency, disability, death or non-appointment of a trustee shall not defeat it.

The probate court has inherent jurisdiction over the trust property in such a case, and its jurisdiction cannot be taken from it, excepting as provided by law. Upon such removal of the guardian from the state, it was the right as well as the duty of the probate court by which the guardian was appointed, to enforce the return by the guardian of his accounts required to be filed by law in such court by the guardian, and to be done, either with or without complaint being first made. Section 6275, Rev. Stat.

The jurisdiction of probate courts over the settlement of the accounts of guardians is exclusive; and such court has power to compel settlement of accounts by non-resident guardians, or on their default to ascertain the amount upon evidence. Schwab v. Rappold, 9 Dec. Re., 340; Newton v. Hammond, 38 O. S., 430, 436.

The trust of a guardian expires at the date of his removal from office, and by fourth sub-division of sec. 6269, Rev. Stat., the guardian shall fully account for and pay over to the proper person all of the estate of his ward remaining in his hands. Over such accounting the probate court has exclusive jurisdiction. Gorman v. Taylor, 43 O. S., 86, 89.

When any guardian has died before the settlement in court of his guardianship accounts, it shall be the duty of the executor or administrator of such guardian to settle up said accounts in the same manner as such guardian ought to have done. Section 6291, Rev. Stat. And said section further provides, that anybody having an interest in the settle-

ment of such account, or the court by which such guardian was appointed, of its own motion may compel such settlement to be made by the administrator or executor of such guardian by citation to be issued, returned and proceeded upon according to the provisions of law which may then be in force for the settlement of decedent's estates.

The settlement by the administrator of the deceased guardian is the same in effect as if made by the guardian himself. Broiden v. Mercer, 44 O. S., 345.

The probate court of Hamilton county having made the appointment of said Dudley W. Strickland, as guardian of the plaintiff in error, and said guardian having removed from the state of Ohio, by force of sec. 6272, Rev. Stat., his office of guardian was then determined ; and he failing to settle his accounts as such guardian in his lifetime, his administrator can be cited, under sec. 6291, Rev. Stat., for settlement by the probate court making the appointment.

Our next inquiry will be as to how, if at all, can the court issuing the citation obtain jurisdiction of the person of the administratrix of the estate of said Dudley W. Strickland, deceased, who died in the state of Illinois, and the said administratrix also residing in said state of Illinois.

Section 6330, Rev. Stat., provides: " The said court (meaning the probate court) shall have full power to hear and determine all matters relative to the manner in which the trustee has executed his said trust, and as to the correctness of his accounts rendered as aforesaid ; and to require any trustee, created as aforesaid within such county, on the determination of his said trust, or on the removal or resignation of such trustee, or in case of the death of the trustee, to require his executor or administrator to render a final account of the manner in which he has executed his said trust, and to hear and determine all matters relating thereto, in the same manner as the accounts of executor and administrator are required by law to be settled."

Section 6196 (of the executor's and administrator's act) provides for service if the defendant be a non-resident, as follows : " If such executor or administrator shall reside out of this state, the court, being satisfied of that fact, either before or after the return of the citation, may order such non-residents to be brought into court, by publication in some newspaper in the county in which the petition is filed, for six consecutive weeks before the time fixed for the hearing of said cause; or in case no newspaper be published in the county, then to be published in some newspaper having a general circulation in said county."

By these sections taken in connection with sec. 6405, Rev. Stat., there is ample provision made for obtaining jurisdiction of the person of such non-resident defendant.

The section above provides : " When notice of any proceeding in a probate court shall be required by law, or be deemed necessary by the probate judge, and the manner of giving the same shall not be directed by statute, the probate judge shall order notice of such proceedings to be given to all persons interested therein, in such manner and for such length of time as he shall deem reasonable."

By the fifth sub-division of sec. 5048, Rev. Stat., it is provided that " in actions against executors, administrators or guardians, when the defendant has given bond as such in this state but at the time of the commencement of the action is a non-resident of the state, or his place of residence cannot be ascertained," service may be had by publication.

With these provisions of the statute providing for service upon a non-resident defendant, we see no reason why jurisdiction of the person in an action like this one cannot be had by publication. But it is not necessary to determine this question in the present case as affecting the question of jurisdiction over the person of the defendant, Clara T. Strickland, as administratrix of the estate of Dudley W. Strickland, deceased, because she, as such administratrix, entered her appearance to this proceeding and filed her answer.

A person by filing an answer, with leave of the court, thereby becomes a party to the action, without formal order making him such. Rosenthal v. Sutton and Leas, 32 O. S., 406.

If the contention of counsel for defendant in error, that the administratrix of Dudley W. Strickland, deceased, residing in Illinois, cannot be compelled to appear in the probate court of Hamilton county, this state, were correct, yet she may do so voluntarily.

As held in Lampton v. Nichols, 2 C. S. C. R., 55, a foreign administrator cannot be compelled to appear in our courts, though he may do so voluntarily. By filing her pleading or answer in the probate court to the citation preceedings instituted by the plaintiff in error, the administratrix of Dudley W. Strickland made herself a party to the action, giving the court jurisdiction over her in her representative capacity. Therefore in our opinion the probate court of Hamilton county had jurisdiction of the subject-matter, the trust property, and of the person of the representative of the deceased guardian.

When a guardian has died, before the settlement in court of his guardianship accounts, it shall be the duty of his executor or administrator to settle. Section 6291, Rev. Stat.

The proceeding commenced in the probate court was brought for the purpose of compelling an accounting by the administratrix of Dudley W. Strickland, deceased, of his guardianship. An accounting must precede the judgment, as the amount of the judgment cannot otherwise be ascertained, and the settlement by the administratrix of the deceased guardian shall be the same in effect as if made by the guardian himself. Section 6291, Rev. Stat.

The amount due the ward when so ascertained shall be ordered paid by the court.

Such a settlement of a guardian's accounts, and the determination by the probate court of the amount due the ward shall, in the absence of fraud and collusion, conclude the sureties in an action against them upon the guardian's bond. Braiden v. Mercer, 44 O S., p. 339.

In Gardner v. Ashbrook, 53 O. S., 678, decided by Supreme Court of Ohio without report, it was held: "The finding by the probate court of amount which the administrator, or guardian, or assignee, has to pay over, an order by that court for him to pay the amount, if free from collusion or fraud, is conclusive upon the sureties unless an appeal has been taken, or the judgment has been reversed on error."

The theory of these decisions sustains two propositions pertinent to this case :

First—The appointment and qualification of the guardian conferred upon the probate court of Hamilton county jurisdiction of the trust property.

Second—The jurisdiction so conferred is exclusive in all respects in which it is adequate. Haven v. Horton, 53 O. S., 342.

This case is clearly distinguishable from that of Gilbert v. Gilbert and Pope, decided by the right circuit, reported in 7 C. D., 58. In that case there was no appearance or answer by the non-resident guardian in the proceeding in citation in the probate court of Cuyahoga county, the county in which the guardian was appointed; therefore, the probate court did not have jurisdiction of the person of the defendant guardian. The court say, in coming to a conclusion, "that under the circumstances of this case the jurisdiction of the probate court cannot be sustained."

The sureties of the guardian, the defendants in error, Henry M. Cist and David M. Hyman, excepted to the finding of the probate court and appealed the cause to the common pleas. We are of opinion they could so appeal under sec. 6507, Rev. Stat.

The common pleas court erred in its finding and holding, that the probate court had no jurisdiction of the cause; that the probate court of Hamilton county had no jurisdiction to settle the accounts of the said Dudley W. Strickland, deceased, with his administratrix, and in dismissing the proceedings, and for these errors the judgment of the common pleas is reversed, as being contrary to law, and the cause is remanded to the common pleas for further proceedings.

*Morris L. Buchwalter*, *W. H. Jones*, for plaintiff.
*C. Bentley Mathews*, for defendant.